

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Carl R. Menefee, Sr. | ) | No. 08C2948 | |
| Plaintiff, | ) | | |
| v. | ) | Judge Leinenweber | |
| | ) | | |
| City of Country Club Hills | ) | Magistrate Judge Valdez | |
| Defendant. | ) | | |

FILED
JUL 1 4 2008  PH
Jul 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, Carl R. Menefee, Sr., *Pro Se*, in response to Defendants motion to dismiss, Plaintiff states as follows:

1. *Pro se* complaints are held "to less stringent standards than formal pleading drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000). It states in paragraph ten (10) of Plaintiff's complaint, "Jurisdiction over the statutory violation alleged is conferred for the J.S.I.A. by 42 U.S.C.~3789g Confidentiality of Information." The section that creates a right is Section 3789g(a). (Exhibit A)

2. Confidentiality of Information Section 3789g(a) provides:

    Except as provided by Federal law other than this chapter, no officer or employee of the Federal Government, and no recipient of assistance under the provisions of this chapter shall use or reveal any research or statistical information furnished under this chapter by any person and identifiable to any specific private person for any purpose other than the purpose for which it was obtained in accordance with this chapter. Such information and copies thereof shall be immune from legal process,

and shall not, without the consent of the person furnishing such information, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceedings.

3. Federal statute does provide a remedy for a violation of the provisions of Section 3789g(a), thus 42 U.S.C. 1983, was not invoke.

4. Notwithstanding Plaintiff who is *Pro se* is not the only party with facial deficiency in this instance, Defendant began their motion to dismiss with, "Plaintiff states as follows:." (Exhibit B).

5. In *Polchowski,* the Court held that Sec. 3789g(a) creates a right to be free from unwarranted disclosures of statistical and research information. Sec. 3789g(a), imposes an obligation upon employees of the federal government and recipients of assistance to refrain from revealing certain statistical information, except for the purpose for which it was obtained. Sec. 3789g(a) clearly imposes an affirmative obligation upon every person possessing statistical information to use it only for its intended purpose. Sec. 3789g(a) is a personal obligation. The legislative history supports this distinction between statistical information and criminal history information: it indicates that provisions had been made for the "privacy of statistical and research information" and that safeguards had been imposed regarding the dissemination of criminal history information. Conf. Report No. 93-349 Cong. 1st Sess. The Court viewed that it is significant the distinction between the personal affirmative obligations imposed to protect the privacy of "any specific private person" and the institutional obligations imposed in Sec. 3789g(b). Sec. 3789g(b) requires only that the Office of Justice Assistance Research and Statistics (OJARS) implement safeguards to protect the information. Whereas, Sec. 3789g(a) imposes a personal obligation to refrain from unwarranted disclosure of information regarding specific individuals. The Court

concluded that Sec. 3789g(a) creates a right to be free from unwarranted disclosure of statistical information because it seeks to protect the privacy of a class of individuals from disclosure by any person and the legislative history indicates that Congress intended to protect the privacy of these individuals. *Polchowski v. Gorris,* 714 F.2d 749 (7th Cir. 1983). Plaintiff gave the Defendant consent to conduct a background check for the Director of Community Development position on September 29, 2004. The Defendant obtained Plaintiff's Federal and State (IL) criminal history information to evaluate for the Director position. On May 15, 2008, Plaintiff received evidence that Defendant produced and provided to the City of Zion without consent copies of his Federal and State (IL) criminal history information. On February 20, 2008, Defendant conveyed immune criminal information to the City of Zion in response to the January 8, 2008, Illinois Human Rights Commission subpoena No. 2897, in the administrative proceedings of *Menefee v. Zion.*

WHEREFORE, Plaintiff, Carl R. Menefee, Sr., prays that this Honorable Court enter an order denying Defendant's motion to dismiss Plaintiff's complaint with prejudice and whatever other relief this court deems just and proper.

_Carl R. Menefee, Sr._
Carl R. Menefee, Sr.

_07-14-08_
Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carl R. Menefee, Sr. | ) | No. 08C2948 |
| Plaintiff, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| City of Country Club Hills | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

TO:  Thomas R. Weiler
     Norton, Mancini & Weiler
     111 West Washington Street, Suite 835
     Chicago, IL 60602-2793

I, the undersigned plaintiff, certify that on 14th day of July, 2008, I severed a copy of this Plaintiff's Response To Defendant's Motion To Dismiss to the person whom it is directed by way of U.S. mail.

_Carl R. Menefee, Sr._         07-14-08
Carl R. Menefee, Sr.               Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238

4

RECEIVED
MAY 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carl R. Menefee, Sr. | ) | 08C 2948 |
| Plaintiff, | ) | |
| v. | ) | JUDGE LEINENWEBER |
| | ) | |
| City of Country Club Hills | ) | MAGISTRATE JUDGE VALDEZ |
| Defendant. | ) | |

## COMPLAINT OF JUSTICE SYSTEM IMPROVEMENT ACT

1. This is an action for failure to comply with the Justice System Improvement Act (JSIA).

2. The Plaintiff is Carl R. Menefee, Sr. of the county of Cook in the state of Illinois.

3. The Defendant is City of Country Club Hills, 4200 W. 183rd Street, Country Club Hills, Illinois 60478. Telephone number 708.798.2616.

4. The Plaintiff sought employment at the Defendant's address in August of 2004.

5. The Plaintiff signed the Defendant's consent form on September 29, 2004. "Exhibit A."

6. The Defendant obtained Plaintiff's Federal and State (IL) criminal history information.

7. The City of Zion issued the Defendant a subpoena involving an unrelated administrative proceedings before the Illinois Human Rights Commission on January 8, 2008. "Exhibit B."

8. The Plaintiff obtained evidence that the Defendant produced and provided without consent copies of Plaintiff's criminal history information on May 15, 2008. "Exhibit C."

9. The Defendant is a municipal governmental agency.

10. Jurisdiction over the statutory violation alleged is conferred for the J.S.I.A. by 42 U.S.C.~3789g Confidentiality of Information.


PLAINTIFF'S EXHIBIT A

11. The facts supporting the Plaintiff's claim of the Defendant's failure to comply with the J.S.I.A. are as follows:

A. ISSUE/BASIS

FAILURE TO COMPLY WITH J.S.I.A. ON OR ABOUT FEBRUARY 20, 2008, BY PRODUCING AND PROVIDING WITHOUT CONSENT IMMUNE COPIES OF FEDERAL AND STATE (IL) CRIMINAL HISTORY INFORMATION IN AN UNRELATED ADMINISTRATIVE PROCEEDING.

B. PRIMA FACIE ALLEGATIONS

1. Plaintiff gave the Defendant consent to conduct a background check for the Director position on September 29, 2004.

2. The Defendant obtained Plaintiff's Federal and State (IL) criminal history information to evaluate for the Director position.

3. On May 15, 2008, Plaintiff received evidence that Defendant produced and provided to the City of Zion without consent copies of his Federal and State (IL) criminal history information.

4. On February 20, 2008, Defendant conveyed immune criminal information to the City of Zion in response to the January 8, 2008, Illinois Human Rights Commission subpoena No. 2897, in the matter of *Menefee v. Zion* 2005CA2865.

5. The Defendant violates the statute 42 U.S.C.~3789g by producing and providing immune criminal information without consent, information that was obtained for the purpose of employment with the Defendant in August of 2004.

12. The Plaintiff demands a jury trial.

2

THEREFORE, the Plaintiff prays that if available, grant appropriate injunctive relief, punitive damages, pre and post-judgment interest, court cost, and any such relief as the Court may find appropriate.

_Carl R. Menefee, Sr._
Carl R. Menefee, Sr.

_05-21-08_
Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238

3

12328-TRW,MMP          F:\Trw\12328\pldgs\motion to dismiss.wpd          ATTY # U.S. District Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL R. MENEFEE, SR., | |
| Plaintiff, | No. 08C002948 |
| vs. | Judge Leinenweber |
| CITY OF COUNTRY CLUB HILLS, | Magistrate Judge Valdez |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant, CITY OF COUNTRY CLUB HILLS, by and through its attorneys, NORTON, MANCINI & WEILER, and moves this Honorable Court enter an order dismissing Plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), and in support thereof, Plaintiff states as follows:

1.  On May 21, 2008, Plaintiff, CARL R. MENEFEE, SR. (hereinafter referred to as "Plaintiff"), filed a complaint at law alleging that Defendant, CITY OF COUNTRY CLUB HILLS, (hereinafter referred to as "Defendant") is liable to Plaintiff for damages resulting from Defendant's disclosure of Plaintiff's criminal history information in violation of 42 U.S.C. 3789g(b). (See Exhibit A).

2.  Section 3789g provides:

    > All criminal history information collected, stored, or disseminated through support under this chapter shall contain, to the maximum extent feasible, disposition as well as arrest data where arrest data is included therein. The collection, storage, and dissemination of such information shall take place under procedures reasonably designed to insure that all such information is kept current therein; the Office of Justice Programs shall assure that the


PLAINTIFF'S EXHIBIT B

> security and privacy of all information is adequately provided for and that information shall only be used for law enforcement and criminal justice and other lawful purposes. In addition, an individual who believes that criminal history information concerning him contained in an automated system is inaccurate, incomplete, or maintained in violation of this chapter, shall, upon satisfactory verification of his identity, be entitled to review such information and to obtain a copy of it for the purpose of challenge or correction.

Notably, this section does not on its face establish a cause of action for violation of any of its provisions.

3. Where a federal statute does not provide a remedy for a violation of its provisions, 42 U.S.C. 1983, which establishes a cause of action to remedy the deprivation of rights created by federal law, can be invoked to seek redress for such a violation.

4. Plaintiff's complaint fails to invoke § 1983 and thus fails to state a cause of action upon which relief can be granted.

5. Notwithstanding the facial deficiency of Plaintiff's complaint, the 7th Circuit held in <u>Polchowski v. Gorris</u>, 714 F.2d 749, 751 (7th Cir. 1983), that § 3789g(b) does not create an enforceable right to prevent the disclosure of criminal history information. In that case, the plaintiff filed suit under § 1983 alleging that the Wood River Police Chief violated § 3789g(a) and (b) by publishing certain statistical and criminal history information about him while he was a candidate for city council. <u>Id.</u> at 750. The Court reasoned that because § 3789g(a) imposes an affirmative obligation upon any person possession statistical information, while § 3789g(b) imposes an affirmative obligation only on the Office of Justice Assistance Research and Statistics, § 3789g(a) creates a right, while § 3789g(b) does not. <u>Id.</u> at 751.

6. Under Fed. R. Civ. Proc. 12(b)(6), a complaint may be dismissed for failure to

2

state a cause of action upon which relief can be granted. Therefore, both 1) Plaintiff's failure to invoke § 1983; and 2) the <u>Polchowski</u> decision dictate that Plaintiff's complaint be dismissed.

WHEREFORE, Defendant, CITY OF COUNTRY CLUB HILLS, prays this Honorable Court enter an order dismissing Plaintiff's complaint with prejudice and whatever other relief this Court deems just and proper.

Respectfully submitted,

NORTON, MANCINI & WEILER

By: /s/ Thomas R. Weiler
    Thomas R. Weiler

Thomas R. Weiler
NORTON, MANCINI & WEILER
111 West Washington Street
Suite 835
Chicago, IL 60602-2793
Tel: (312) 807-4999
Atty. No. 06184955