## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2948 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Menefee v. City of Country Club Hills | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's Motion to Dismiss [8]. For the reasons given below, the motion is granted. Case dismissed.

■ [ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

### STATEMENT

Plaintiff Carl Menefee, Sr. filed a pro se complaint alleging that Defendant City of Country Club Hills is liable to him for damages resulting from Defendant's disclosure of Plaintiff's criminal history information in violation of 42 U.S.C. § 3789g(b). The Seventh Circuit has held, "42 U.S.C. Sec. 3789g(b) does not create an enforceable right to prevent the disclosure of criminal history information. . . . The subsection is essentially administrative in nature; it imposes an obligation upon the appropriate branch of the Law Enforcement Assistance administration to assure that the information is used only for the purpose for which it was collected." *Polchowski v. Gorris*, 714 F.2d 749, 751 (7th Cir. 1983). "Sec. 3789g(b) requires only that the OJARS implement a security policy to safeguard criminal history information and, thus, does not provide any specific protections to any group of individuals." *Id.* at 752. In contrast, subsection (a), which deals with research and statistical information, "imposes a personal obligation to refrain from unwarranted disclosure of information regarding specific individuals." *Id.* at 751-52.

Since 42 U.S.C. § 3789g(b) does not create an enforceable right, the Complaint fails to state a claim upon which relief may be granted, and Defendant's Motion to Dismiss is granted.

Courtroom Deputy Initials: