IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carl R. Menefee, Sr. | ) | No. 08C2948 |
|     Plaintiff, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| City of Country Club Hills and | ) | Magistrate Judge Valdez |
| Donald W. Anderson Esq., et al., | ) | |
|     Defendants. | ) | |

FILED
Aug 20, 2008
AUG 20 2008  TG
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### AMENDED COMPLAINT OF JUSTICE SYSTEM IMPROVEMENT AND FAIR CREDIT REPORTING ACTS

#### COUNT I

Paragraph 01: This is an action for failure to comply with the Justice System Improvement Act.

Paragraph 02: The Plaintiff is Carl R. Menefee, Sr. of the county of Cook in the state of Illinois.

Paragraph 03: The Defendant is City of Country Club Hills (CCH), 4200 W. 183rd Street, Country Club Hills, Illinois 60478. Telephone number 708.798.2616.

Paragraph 04: The Plaintiff sought employment at the Defendant's address in August 2004.

Paragraph 05: The Plaintiff signed Defendant's consent form on September 29, 2004. "Exhibit A."

Paragraph 06: The Defendant obtained Plaintiff's Federal/State research and statistical information.

Paragraph 07: Unbeknown to Plaintiff the City of Zion issued the Defendant a subpoena that involved an unrelated administrative proceedings before the (IHRC) on January 8, 2008. "Exhibit B."

Paragraph 08: The Plaintiff obtained evidence that the Defendant produced and provided without consent copies of Plaintiff's research and statistical information, depicted as an oversight in the (IHRC) order issued July 11, 2008. "Exhibit C."

Paragraph 09: The Defendant is a municipal governmental agency.



Paragraph 10: Jurisdiction over the statutory violation alleged is conferred for the J.S.I.A. by 42 U.S.C.~3789g(a) Confidentiality of Research or Statistical Information.

Paragraph 11: The facts supporting the Plaintiff's claim of the Defendant's failure to comply with the J.S.I.A. are as follows:

   A. ISSUE/BASIS

      FAILURE TO COMPLY WITH J.S.I.A. ON OR ABOUT FEBRUARY 20, 2008, BY PRODUCING AND PROVIDING WITHOUT CONSENT UNWARRANTED DISCLOSURE OF PLAINTIFF'S FEDERAL AND STATE OF ILLINOIS RESEARCH AND STATISTICAL INFORMATION IMMUNE BY FEDERAL STATUTE FROM ADMINISTRATIVE PROCEEDING BEFORE THE ILLINOIS HUMAN RIGHT COMMISSION (IHRC).

   B. PRIMA FACIE ALLEGATIONS

      1. Plaintiff gave the Defendant consent to conduct a background check for the Director of Community Development position on September 29, 2004.

      2. The Defendant obtained Plaintiff's Federal and State of Illinois research and statistical information to evaluate for the Director position.

      3. On May 15, 2008, Plaintiff received evidence that Defendant produced and provided to the City of Zion without Plaintiff's consent copies of his Federal and State Illinois research and statistical information.

      4. On February 20, 2008, Defendant conveyed research and statistical information immune from administrative proceedings, to the City of Zion in response to the January 8, 2008, (IHRC) subpoena No. 2897, in the matter of *Menefee v. Zion.*

      5. The Defendant violates statute 42 U.S.C.~3789g(a) by producing and providing research and statistical information without consent, obtained for the purpose of employment with the City of Country Club Hills.

Paragraph 12. The Plaintiff demands a jury trial.

## COUNT II

Paragraph 01: This is an action for failure to comply with the Fair Credit Reporting Act.

Paragraph 02 - 04: That Plaintiff restates and realleged Paragraphs 02 -04 of Count I as though fully set forth herein as Paragraphs 02 -04 of Count II.

Paragraph 05: The Plaintiff signed Defendant's consent forms for credit check. "Exhibits D & E."

Paragraph 06: The Defendant obtained Plaintiff's credit history information.

Paragraph 07: That Plaintiff restates and realleged Paragraph 07 of Count I as though fully set forth herein as Paragraph 07 of Count II.

Paragraph 08: The Plaintiff obtained evidence that the Defendant produced and provided without consent copies of Plaintiff's credit history information, depicted as an oversight in the (IHRC) order issued July 11, 2008. "Exhibit C."

Paragraph 09: Jurisdiction over the statutory violation alleged is conferred for the F.C.R.A. by 15 U.S.C ~ 1681e(a) Compliance procedures and 15 U.S.C. ~1681o(a) Civil liability for negligent noncompliance.

Paragraph 10: The facts supporting the Plaintiff's claim of the Defendant's failure to comply with the F.C.R.A. are as follows:

3

A.  ISSUE/BASIS

FAILURE TO COMPLY WITH F.C.R.A. ON OR ABOUT FEBRUARY 20, 2008, BY PRODUCING AND PROVIDING WITHOUT CONSENT UNWARRANTED DISCLOSURE OF PLAINTIFF'S CREDIT HISTORY INFORMATION.

B.  PRIMA FACIE ALLEGATIONS

1. Plaintiff gave the Defendant consent to conduct a credit history check for the Director of Community Development position on September 29, 2004.

2. The Defendant obtained Plaintiff's credit history information to evaluate for the Director position.

3. On May 15, 2008, Plaintiff received evidence that Defendant produced and provided to the City of Zion without Plaintiff's consent copies of his credit history information.

4. On February 20, 2008, Defendant conveyed copies of his credit history information to the City of Zion in response to the January 8, 2008, (IHRC) subpoena No. 2897, in the matter of *Menefee v. Zion.*.

5. The Defendant violated statute 15 U.S.C.~ 1681e(a) that requires users of the information identify themselves, certify the purpose for which the information is sought, and certify that the information will be used for no other purpose.

6. Statute 15 U.S.C. ~1681o(a) creates a private cause of action for violation of the F.C.R.A.

Paragraph 11. The Plaintiff demands a jury trial.

4

## **COUNT III**

Paragraph 01: This is an action for failure to comply with the Justice System Improvement Act.

Paragraph 02: The Plaintiff is <u>Carl R. Menefee, Sr.</u> of the county of <u>Cook</u> in the state of <u>Illinois</u>.

Paragraph 03: The Defendant is <u>Donald W. Anderson Esq. (Attorney for the City of Zion)</u> of <u>Ancel, Glink, Diamond, Bush, DiCianna & Krafthefer, P.C., 415 Washington Street, Suite 202, Waukegan, Illinois 60085</u>. Phone #<u>847.244.8682</u>.

Paragraph 04: The Plaintiff sought employment with the <u>City of Country Club Hills (CCH), 4200 W. 183rd Street, Country Club Hills, Illinois 60478</u>, in August 2004.

Paragraph 05: The Plaintiff signed consent form with (CCH) on September 29, 2004. "Exhibit A."

Paragraph 06: The Defendant obtained Plaintiff's Federal/State research and statistical information.

Paragraph 07: Unbeknown to Plaintiff the Defendant issued a subpoena that involved an unrelated administrative proceedings before the (IHRC) on January 8, 2008. "Exhibit B."

Paragraph 08: The Plaintiff obtained evidence that Country Club Hills produced and provided the Defendant without Plaintiff's consent, copies of research and statistical information, depicted as an oversight in the (IHRC) order issued July 11, 2008. "Exhibit C."

Paragraph 09: The Defendant is an Attorney representing a municipal governmental agency.

Paragraph 10: Jurisdiction over the statutory violation alleged is conferred for the J.S.I.A. by 42 U.S.C.~3789g(a) Confidentiality of Research or Statistical Information.

Paragraph 11: The facts supporting the Plaintiff's claim of the Defendant's failure to comply with the J.S.I.A. are as follows:

A. ISSUE/BASIS

FAILURE TO COMPLY WITH J.S.I.A. ON OR ABOUT FEBRUARY 20, 2008, BY SUBPOENAING AND OBTAINING WITHOUT CONSENT UNWARRANTED DISCLOUSRE OF PLAINTIFF'S FEDERAL AND STATE ILLINOIS RESEARCH AND STATISTICAL INFORMATION IMMUNE BY FEDERAL STATUTE FROM ADMINISTRATIVE PROCEEDING BEFORE THE ILLINOIS HUMAN RIGHTS COMMISSION (IHRC).

B. PRIMA FACIE ALLEGATIONS

1. Plaintiff gave Country Club Hills consent to conduct a background check for the Director of Community Development position on September 29, 2004.

2. Country Club Hills obtained Plaintiff's Federal and State of Illinois research and statistical information to evaluate for the Director position.

3. On May 15, 2008, Plaintiff received evidence that Country Club Hills produced and provided Defendant without Plaintiff's consent copies of his Federal and State of Illinois research and statistical information.

4. On February 20, 2008, Country Club Hills conveyed immune research and statistical information to the Defendant in response to the January 8, 2008, (IHRC) subpoena No. 2897, in the matter of *Menefee v. Zion.*

5. The Defendant violates the statute 42 U.S.C.~3789g(a) by subpoenaing and obtaining research and statistical information without consent, obtained for the purpose of employment with the City of Country Club Hills.

Paragraph 12. The Plaintiff demands a jury trial.

## COUNT IV

Paragraph 01: This is an action for failure to comply with the Fair Credit Reporting Act.

Paragraph 02 - 04: That Plaintiff restates and realleged Paragraphs 02 -04 of Count III as though fully set forth herein as Paragraphs 02 -04 of Count IV.

Paragraph 05: The Plaintiff signed Country Club Hill's consent forms for credit check. "Exhibits D & E."

Paragraph 06: The Defendant obtained a copy of Plaintiff's credit history from Country Club Hills.

Paragraph 07: That Plaintiff restates and realleged Paragraph 07 of Count III as though fully set forth herein as Paragraphs 07 of Count IV.

Paragraph 08: The Plaintiff obtained evidence that Country Club Hills produced and provided the Defendant without Plaintiff's consent, copies of credit history information, depicted as an oversight in the (IHRC) order issued July 11, 2008. "Exhibit C."

Paragraph 09: Jurisdiction over the statutory violation alleged is conferred for the F.C.R.A. by 15 U.S.C. ~ 1681b(f) Permissible purpose of consumer reports and 15 U.S.C. ~1681o(a) Civil liability for negligent noncompliance.

Paragraph 10: The facts supporting the Plaintiff's claim of the Defendant's failure to comply with the F.C.R.A. are as follows:

    A.    ISSUE/BASIS

        FAILURE TO COMPLY WITH F.C.R.A. ON OR ABOUT FEBRUARY 20, 2008, BY SUBPOENAING AND OBTAINING WITHOUT CONSENT UNWARRANTED DISCLOSURE OF PLAINTIFF'S CREDIT HISTORY INFORMATION.

7

B.     PRIMA FACIE ALLEGATIONS

1. Plaintiff gave Country Club Hills consent to conduct a credit history check for the Director of Community Development position on September 29, 2004.

2. Country Club Hills obtained Plaintiff's credit history information to evaluate for the Director position.

3. On May 15, 2008, Plaintiff received evidence that Country Club Hills produced and provided Defendant without Plaintiff's written consent copies of his credit history information.

4. On February 20, 2008, Country Club Hills conveyed copies of Plaintiff's credit history information to Defendant in response to the January 8, 2008, (IHRC) subpoena No. 2897, in the matter of *Menefee v. Zion.*

5. Defendants violated statute 15 U.S.C. ~1681b(f) that requires permission to use or obtain information that is prohibited unless, (1) the consumer report is obtained for a purpose that is authorized to be furnished and, (2) the purpose is certified in accordance with section 1681(e) of the prospective user of the report through a general or specific certification.

6. Statute 15 U.S.C.~1681o(a) creates a private cause of action for violation of the F.C.R.A.

Paragraph 11. The Plaintiff demands a jury trial.

THEREFORE, the Plaintiff prays that if available, grant appropriate injunctive relief, punitive damages, pre and post-judgment interest, court cost, and any such relief as the Court may find appropriate.

*Carl R. Menefee, Sr.*
Carl R. Menefee, Sr.

08-20-08
Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| Carl R. Menefee, Sr. | ) | No. 08C2948 |
| Plaintiff, | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| City of Country Club Hills and | ) | |
| Donald W. Anderson Esq., et al., | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

TO: Thomas R. Weiler
Norton, Mancini & Weiler
111 West Washington Street, Suite 835
Chicago, IL 60602-2793

I, the undersigned plaintiff, certify that on 20<u>th</u> day of <u>August, 2008</u>, I severed a copy of this Amended Complaint Of Justice System Improvement and Fair Credit Reporting Acts to the person whom it is directed by way of U.S. mail.

TO: Donald W. Anderson Esq.
Ancel, Glink, Diamond, bush, DiCianna & Krafthefer, P.C.
415 Washingtin Street, Suite 202
Waukegan, IL 60085

I, the undersigned plaintiff, certify that on 20<u>th</u> day of <u>August, 2008</u>, I severed a copy of this Amended Complaint Of Justice System Improvement and Fair Credit Reporting Acts, Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons to the person whom it is directed by way of U.S. mail.

_Carl R. Menefee, Sr._
Carl R. Menefee, Sr.

08-20-08
Date

3517 Birchwood Drive
Hazel Crest IL 60429
708.335.0238



## COUNTRY CLUB HILLS
## POLICE DEPARTMENT
### 3700 W. 175th PLACE
## COUNTRY CLUB HILLS, IL 60478

Mayor  
Dwight W. Welch

Chief of Police  
William A. Brown

PH:(708) 798-3191     FAX: (708) 798-1211

# AUTHORIZATION TO RELEASE INFORMATION
(Personal Inquiry Waiver)

**TO WHOM IT MAY CONCERN:**

I respectfully request and authorize you to furnish the Country Club Hills Police Department with any and all information that you may have concerning me, my employment (work) and educational records, my reputation, and my financial and credit status. Please include any and all medical, physical and metal records and reports, including all information of a confidential or privileged nature, and photocopies of same, if possible. Your cooperation in this reply will be used to assist the Department in determining my qualifications and fitness for the position I am seeking with the City of Country Club Hills.

I hereby release you, your organization and others from any liability or damage which may result from furnishing the information requested.

x _Carl R. Memfer Sr_____  
Applicant's Signature

_09/29/2004_____  
Date

I hereby authorize the release of my Military Service Records (including medical, physical and mental health records and reports) to the Country Club Hills Police Department. Country Club Hills, Illinois.

Date:_____         Signature:_____

Service Number:_____

Subscribed and sworn to before me on this _____day of _____, _____.

_____  
Notary Public for State of Illinois

Note: A photocopy reproduction of this request shall be, for all intents and purposes, as valid as the original. You may retain this form for your files.

**PLAINTIFF'S EXHIBIT A**

SUBPOENA FOR DOCUMENTS  No. 2897
TO NON-PARTY

STATE OF ILLINOIS
HUMAN RIGHTS COMMISSION



PLAINTIFF'S EXHIBIT B

Carl R. Menefee, Sr.,

v.

City of Zion

CHARGE NO. 2005CA2865

E.E.O.C. NO. 21 BA 51641

To: City of Country Club Hills
Attn: City Clerk
4200 W. 183rd Street
Country Club Hills, IL 60478

ALS NO. 07-457

YOU ARE HEREBY REQUIRED AND DIRECTED TO PRODUCE AND PROVIDE at 415 W. Washington St., Suite 202 in the City of Waukegan, Illinois on the 12th day of February, 20 08 at 9 o'clock a.m. of that day for the purposes of examination and copying, the following books, payrolls, records, correspondence, documents, papers or other evidence:

SEE ATTACHED RIDER

WITNESS: A Commissioner of the Illinois Human Rights Commission has authorized issuance hereof, this 8th day of January, 2008

Certified Article Number
7160 3901 9845 3569 0435
SENDERS RECORD

Atty. No.    0047643
Name         Donald W. Anderson
Attorney for City of Zion
Address      415 W. Washington St., Suite 202
City/Zip     Waukegan, IL 60085
Telephone    847-244-8682

RETURN OF SERVICE

I hereby certify that, being a person over 18 years of age, I duly served a copy of the within subpoena
☐ in person  ☐ by registered mail  ☒ by certified mail  ☐ by leaving copy at principal office or place of business, to wit: _____

on the person named herein on January 9, 2008
(month, day and year)

(Person making service)

Subscribed and sworn before me this 9th day of January, 20 08

Notary public: Mary Misic

"OFFICIAL SEAL"
MARY MISIC
Notary Public, State of Illinois
My Commission Expires Feb. 17, 2008

White:  Witness
Yellow: Commission
Pink:   Serving Party

STATE OF ILLINOIS
HUMAN RIGHTS COMMISSION

| | | |
|---|---|---|
| CARL R. MENEFEE, SR. | ) | |
| | ) | |
| Complainant, | ) | |
| | ) | Charge No. 2005CA2865 |
| vs. | ) | EEOC No. 21BA51641 |
| | ) | ALS No. 07-457 |
| CITY OF ZION, | ) | |
| | ) | |
| Respondent. | ) | |

### RIDER TO SUBPOENA

1. Any and all records and documents related to the application(s) for employment of Carl R. Menefee, Sr., ("Menefee") including but not limited to, job postings, job advertisements, job descriptions, applications, correspondence, resumes, letters of reference, pre-employment tests and test results, interview notes, background checks, any documents or other information received by the City of Country Club Hills ("the City") pursuant to any background check and/or criminal history check undertaken by the City with respect to Menefee or any background check and/or criminal history check undertaken by any other employer with respect to Menefee, the results of which were obtained or otherwise discovered by the City, and any other documents reflecting or referencing the application(s) for employment of Menefee or the disposition of said application(s) by the City.

2. Any and all records and documents related to the employment of Menefee by the City, including, but not limited to, his complete personnel file, all employment records, payroll records, evaluations, reviews, tests and test results, certifications, awards, documents reflecting performance, documents reflecting discipline, documents reflecting any problems encountered by Menefee in the workplace, supervisor notes, human resources notes, complaints made by or about Menefee, correspondence to and from Menefee, correspondence regarding Menefee, notes regarding Menefee, exit interview documents and notes, discharge documents, and all post-discharge documents.

Page 1 of 2

3. Any and all non-privileged documents and information produced or received by the City in connection with, or otherwise in relation to, the case of *C. R. M. v. Chief Legal Counsel of Illinois Dept. Of Human Rights*, 372 Ill.App.3d 730, 866 N.E.2d 1177, 310 Ill.Dec. 575 (1st Dist. 2007) including, but not limited to, all documents filed with or served on the Illinois Department of Human Rights ("IDHR"), all documents received from Menefee, all discovery served on Menefee and/or the IDHR, all discovery received from Menefee or any non-party witness, all documents and other information received by the City pursuant to any authorization to release information signed by Menefee, including but not limited to documents obtained pursuant to any inquiry conducted by the City into Menefee's background and/or criminal history, witness statements, witness identification information, notes, correspondence, orders, judgments, investigator findings and/or determinations, notices, documents reflecting mediation or conciliation efforts, settlement agreements, documents reflecting payments to Menefee, and any releases and/or waivers.

STATE OF ILLINOIS
HUMAN RIGHTS COMMISSION

IN THE MATTER OF: )
)
CARL R. MENEFEE, )
      Complainants, ) Charge No: 2005CA2865
) EEOC: 21BA51641
) ALS No: 07-457
   and )
)
CITY OF ZION, )
      Respondent.

### ORDER

This matter is before me for a decision on Respondent's motion to deem requests admitted or compel answers and Complainant's motion to quash subpoena.

Complainant's motion to quash is based on his contention that he was not served with the subpoena at the time it was issued and was deprived of the opportunity to object to the issuance of the subpoena prior to the production of the documents from a third party.

Respondent maintains that its failure to notice Complainant of the issuance of the subpoena was an oversight. Respondent advises that it has since provided Complainant with a copy of the subpoena along with the document production.

In response to Respondent's motion to deem admitted, Complainant further maintains that it failed to respond to particular requests to admit as those requests were based on the produced documents subject to the subpoena he has motioned to quash. Complainant further argues that the produced documents include information prohibited from being used as evidence in administrative proceedings, citing *Poichowski v Gorris*, 714 F2d 749 (7th Cir).

Respondent counters that the *Poichowski* case applies to release of certain criminal and statistical information by federal agencies only and does not apply to state agencies. Respondent further argues that it does not intend to admit the subpoenaed documents as evidence.

Upon review of the cited case law, I conclude a similar interpretation as Respondent and do not find any proposition based on that case applicable here.

Inasmuch as this is discovery, the question at this point is not whether the subpoenaed documents are admissible, but rather whether the subpoenaed information will lead to admissible evidence.

PLAINTIFF'S EXHIBIT C

Thus, I find it premature to rule on the admissibility of any produced discovery items at this time. Instead, I will entertain any appropriate *motion in limine* at the time of public hearing on the merits. I further find that the cited case, *Poichowski v. Gorris, supra,* has no applicability to this State proceeding.

**IT IS THEREFORE ORDERED THAT:**

1. Complainant's motion to quash is denied.
2. Complainant shall answer all requests to admit and any other outstanding discovery no later than September 12, 2008.
3. Respondent's motion to deem admitted is entered and continued and will be addressed, if necessary, after the time for Complainant to answer has lapsed.
4. Complainant shall file a proof of service of all answers, but not the actual answers, with the Commission.
5. Respondent has put forth a good faith reason for its inadvertence in failing to serve Complainant with the subpoena, but I admonish Respondent to ensure that it complies with Commission Rules and serve any subsequent subpoenas on all parties.
6. The October 14, 2008, 11:00 a.m. status remains undisturbed.

**ENTERED: July 11, 2008**

HUMAN RIGHTS COMMISSION

SABRINA M. PATCH
**Administrative Law Judge**
**Administrative Law Section**

2

# IMPORTANT NOTICE

The undersigned is hereby notified that the City of Country Club Hills Police Department shall **request a consumer credit report** from a credit reporting agency in connection with your evaluation for employment, promotion, reassignment or retention as an employee.

The undersigned expressly acknowledges the receipt of this notice.

_Carl R. Menefee Sr._
Please Print Name

_Carl R. Menefee Sr._
Signature



PLAINTIFF'S EXHIBIT D

# AUTHORIZATION TO OBTAIN CREDIT INFORMATION

The undersigned, as a free and voluntary act, hereby expressly authorizes the City of Country Club Hills Police Department to obtain a **consumer credit report** pertaining solely to the undersigned, from a credit reporting agency of its choice, for the purpose of evaluating the undersigned for employment, promotion, reassignment, or retention as an employee.

The undersigned, to the fullest extent permitted by law, holds the City of Country Club Hills Police Department, and any of its agents, officers, or employees, free and harmless from any and all claims or actions arising out of any adverse employment action it takes as a result of information disclosed in a **consumer credit report** pertaining to the undersigned.

_Carl R. Mumpfer, Sr._
Please Print Name

_Carl R. Mumpfer, Sr._
Signature



PLAINTIFF'S EXHIBIT E