IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARL R. MENEFEE, SR.,** <br><br>     **Plaintiff,** <br><br>     v. <br><br> **CITY OF COUNTRY CLUB HILLS and DONALD W. ANDERSON,** <br><br>     **Defendant.** | **Case No. 08 C 2948** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Defendant City of Country Club Hills. For the reasons given below, the Motion to Dismiss is **granted**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the disclosure of Plaintiff Carl R. Menefee, Sr.'s (hereinafter, "Menefee") criminal history and credit history information by Defendant City of Country Club Hills (hereinafter, "the City"). In 2004, the City obtained Menefee's criminal history and credit history information pursuant to authorizations by Menefee in conjunction with his application for employment by the City. On January 8, 2008, in an unrelated legal proceeding, the City of Zion, through its attorney Donald Anderson (hereinafter, "Anderson"), issued a subpoena to the City of Country Club Hills for Menefee's employment application file. In response

to the subpoena, the City produced the file, including Menefee's criminal history and credit history information.

On May 21, 2008, Menefee filed a *Pro Se* Complaint alleging that the City is liable to him for damages resulting from the disclosure of his criminal history information in violation of Section 3789g(b) of the Justice System Improvement Act, 42 U.S.C. § 3701 *et seq.* (hereinafter, the "JSIA"). On August 5, 2008, the Court granted the City's Motion to Dismiss, holding that Section 3789g(b) does not create an enforceable right to prevent the disclosure of criminal history information.

On August 21, 2008, Menefee filed an Amended Complaint, adding two new counts and Defendant Anderson, attorney for the City of Zion. In the Amended Complaint, Menefee alleges that Defendants violated Section 3789g(a) of the JSIA (Counts I and III) and that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(a) and 1681o(a) (hereinafter, the "FCRA") (Counts II and IV).

In its Motion to Dismiss, the City argues that the Amended Complaint fails to state a claim under the JSIA because Section 3789g(a) does not provide a private cause of action and because the information allegedly disclosed does not constitute "research or statistical information." The City contends that the Amended Complaint fails to state a claim under the FCRA because the

City is not a "consumer reporting agency," and because Menefee failed to allege any actual damages.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "A complaint must always, . . . allege 'enough facts to state a claim to relief that is plausible on its face,' " *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic*, 127 S.Ct. at 1974). To avoid dismissal, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007) (citing *Bell Atlantic*, 127 S.Ct. at 1965).

## III. DISCUSSION

### A. Justice System Improvement Act Claims

Section 3789g(a) of the JSIA imposes duties and restrictions relating to the release of "research or statistical information" for reasons unrelated to law enforcement. 42 U.S.C. § 3789g(a); *Polchowski v. Gorris*, 714 F.2d 749, 750 (7th Cir., 1983). The Seventh Circuit has held that Section 3789g(a) "creates a right *to be free* from unwarranted disclosures of statistical and research

information" and imposes an "affirmative obligation" upon persons and entities possessing this information "to use it only for its intended purpose." *Polchowski*, 714 F.2d at 751.

Although Section 3789g(a) creates a right to be free from unwarranted disclosures of research and statistical information, the JSIA does not provide a private right of enforcement for a violation of this provision. *Id.* at 752; *Cline v. Rogers*, 87 F.3d 176, 182 (6th Cir., 1996) (holding that Congress created a "generalized administrative scheme," not a private right of action). Additionally, while in some instances, an action against a state or local official who violates rights created by a federal statute may be brought under 42 U.S.C. § 1983, the Seventh Circuit has held that a Section 1983 action may not be maintained to remedy a violation of Section 3789g(a). *Polchowski*, 714 F.2d at 752; *see also, Cline,* 87 F.3d at 184 (Sixth Circuit concurring). Consequently, no private cause of action exists for a violation of Section 3789g(a), and Menefee's claims must be dismissed.

Even if a private cause of action somehow could be brought under the JSIA, the Amended Complaint still fails to state a claim. "[S]tatistical and research information" in Section 3789g(a) refers to "general information collected to be used solely for research and statistical summaries." *Polchowski*, 714 F.2d at 751 n.3. According to the Seventh Circuit, "[t]his information is normally gathered in a fashion which makes the information impossible to attribute to a

specific individual." *Id*. The information that the City disclosed, namely information relating to Menefee's criminal and credit histories from its employment files, is not the type of information that is covered by Section 3789g(a). For these reasons, the Court dismisses all claims brought under the JSIA against both Defendants (Counts I and III).

### B. Fair Credit Reporting Act Claims

The City argues that Menefee's claims under the FCRA should be dismissed because the City is not a "consumer reporting agency" as defined by the Act, and because Menefee failed to allege actual damages in the Amended Complaint.

The FCRA prohibits consumer reporting agencies from furnishing consumer reports to persons for prohibited uses and requires these agencies to maintain reasonable procedures to comply with the Act. *See* 15 U.S.C. § 1681e(a). Persons who negligently fail to comply with the requirements of the FCRA are liable for any actual damages sustained by the consumer as the result of the noncompliance. 15 U.S.C. § 1681o. The FCRA defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). "Persons" under the FCRA include governments or governmental subdivisions. 15 U.S.C. § 1681a(b).

The Court agrees with Defendant that the City is not a "consumer reporting agency" as defined by the FCRA. In its role as employer, the City collects information relating to the credit and criminal histories of potential employees. However, this information is not collected "for the purpose of furnishing consumer reports to third parties." *See Wiggins v. District Cablevision, Inc.*, 853 F.Supp. 484, 489-90 (D.D.C., 1994) (holding that a user's liability is narrow under the FCRA); *Hodge v. Texaco, Inc.,* 975 F.2d 1093, 1097 (5th Cir., 1992) (emphasizing that a consumer reporting agency is an entity that "*regularly*" engages in assembling or evaluating consumer credit information for the purpose of furnishing consumer reports); *Friend v. Ancilla Systems Inc.*, 68 F.Supp.2d 969, 973-74 (N.D. Ill., 1999) (holding that attorneys hired by employer to investigate employees were not a consumer reporting agency absent evidence that they regularly engaged in assembling credit information). For the same reasons, Defendant Anderson was not a "consumer reporting agency" when he subpoenaed information about Menefee in his role as attorney for the City of Zion.

In addition, even if Defendants were consumer reporting agencies, the claims brought under the FCRA must be dismissed because Menefee failed to allege actual damages in the Amended Complaint. In June 2008, Congress amended the FCRA to eliminate

statutory damages and to allow recovery for negligent noncompliance only if a plaintiff suffers "actual damages" as a result of the defendant's violation. 15 U.S.C. § 1681(a); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526, *4 (N.D.Ill., Apr. 14, 2008). Since Menefee alleged no actual damages, his Amended Complaint cannot go forward.

Therefore, because neither the City nor Anderson are consumer reporting agencies as defined by the FCRA and because Menefee failed to allege actual damages in the Amended Complaint, the Court dismisses all claims brought under the FCRA against both Defendants (Counts II and IV).

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the City's Motion to Dismiss is **granted**, and all claims against both Defendants are dismissed with prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** October 23, 2008